### MARION v. BARNWELL, TRUSTEE.

1. APPEAL—RULES SUPREME COURT.—Motion to reinstate appeal on ground that appellant's motion for further time to perfect appeal was dismissed on default on account of illness of movant's counsel, refused because of unexplained delay of more than a year in making the motion. Rule XX. does not apply in such case.
2. IBID.—Motion to reinstate appeal from refusal to enjoin sale, after sale made, refused because of no practical effect.

Motion to reinstate appeal by Sophia S. F. Marion, in case of same against Joseph W. Barnwell, trustee.

*Mr. Julian Fishburne,* for motion.

*Mr. Jos. W. Barnwell,* contra.

December 8, 1903.   PER CURIAM.

After the order of sale was made in this case, the plaintiff applied to Hon. D. A. Townsend, Circuit Judge, for an order enjoining the sale. The motion was refused and the sale was made. Notice of appeal was given, and the plaintiff gave notice that she would move before this Court at the November term, 1902,

for an order extending time to perfect this appeal. This motion was dismissed for failure of plaintiff to appear. Nothing further was done in the cause, although the April term of the Court intervened, until November 20th, 1903, when notice was given of this motion "for an order to reinstate the appeal taken in this cause from the order of his Honor, Judge D. A. Townsend, made March 24th, 1902, said appeal having been dismissed for default of appearance." The grounds upon which the motion is based is the illness of the plaintiff's attorney at the November term, when the former motion was dismissed. This is, of course, ordinarily good ground for relief; but we do not think it should be granted where there has been such long delay, especially when, in the meantime, the rights of the third parties who purchased at the sale would be disturbed. It is no answer to this to say no notice of the former order of the Court was given, for the plaintiff was the moving party, and is charged with notice of disposition of her motion at a time and place fixed by herself. Rule 20 has no application, for the order made at the November term, 1902, only refused further time to perfect the appeal, and was not an affirmance of a decree or order, or dismissal of an appeal.

Aside from the foregoing considerations, this being an appeal from an order refusing a temporary injunction against a sale which has since actually occurred, the review of the order appealed from by this Court could have no practical effect.

The motion is, therefore, dismissed.